E-filing

MICHAEL M. HERRICK, Bar No. 63666 (herrick@wagelaw.com)
HERRICK LAW OFFICES
1750 Montgomery Street, # 1104
San Francisco, CA 94111-1063
Telephone:  415.781.2804
Facsimile:  415.781.8446

Attorney for Plaintiff
BRENDA DAVIS

FILED
FEB -1 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRENDA DAVIS,

Plaintiff,

vs.

EASTFIELD MING QUONG, INC. and Does One through Ten,

Defendants.

Case No. C08-00769 HRL

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1). Violation of California Labor Code §1194; 2). Violations of The Fair Labor Standards Act (Non-payment of overtime); 3). For Restitution of Unpaid Overtime Wages in Violation of California's Unfair Trade Practices Act. (B.P.C. 17200); 4). Civil Penalties Under Cal. Labor Code §558; and 5). Cal. Labor Code §203 "waiting time" penalties.

The Plaintiff, BRENDA DAVIS, for her complaint, alleges as follows:

## NATURE OF CLAIM

1. This is a complaint by a former employee against her ex-employer for damages arising out her employer's failure to pay her overtime as required by the Fair Labor Standards Act (29 U.S.C. § 201 et seq.) and the California Wage Orders and Statutes. The Plaintiff seeks compensatory damages for unpaid wages and restitution under California's Unfair Trade Practices Act in addition to:

1

DAVIS COMPLAINT FOR DAMAGES

U.S.C. § 201 et seq. and the supplemental jurisdiction of this Court.

6. Plaintiff, DAVIS, is a citizen of the State of California, County of San Joaquin. Defendant, EASTFIELD MING QUONG, INC., is a California Corporation doing business in the State of California. The matter in controversy exceeds, exclusive of interest and costs, the sum of $41,270.

## GENERAL ALLEGATIONS

7. During the period that included October 2001 to March 2007, the Plaintiff was employed by the Defendant under the title of Family Specialist, with the primary duty of providing guidance, services and support to children and their families and caregivers, out of Defendant's San Jose, CA location.

8. a. From October 2001 to October 2003, Plaintiff was employed by the Defendant for an indefinite duration pursuant to an employment agreement. The terms of the agreement generally provided that Plaintiff would be compensated with a monthly salary of approximately $2700.

b. From October 2003 to October 2005, Plaintiff continued to be employed by the Defendant for an indefinite duration pursuant to an employment agreement. The terms of the agreement generally provided that Plaintiff would be compensated with a monthly salary of approximately $2754.

c. From October 2005 to March 2007, Plaintiff continued to be employed by the Defendant for an indefinite duration pursuant to an employment agreement. The terms of the agreement generally provided that Plaintiff would be compensated with a monthly salary of approximately $2837.

9. By the nature of the actual job duties that she performed, Plaintiff was not subject to any valid exemptions from overtime pursuant to the Fair Labor Standards Act, at 29 CFR §§ 541.112, 541.209 and 541.309, or otherwise. Plaintiff's primary duties did not require that she exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of her working time.

10. At no time during Plaintiff's employment did she manage any division of the

Defendant employer's business where she customarily and regularly exercised discretionary powers or perform services of management. Plaintiff did not participate in the development of general administrative polices of her employer.

## COUNT ONE

*Violation Of California Labor Code, Non-Payment Of Overtime, Labor Code Sections §510, 1194 - 1173*

11. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-10.

12. At all times relevant herein, Plaintiff's employment was subject to California Labor Code Sections 1194 and 510, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, which required all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

13. From January 2004 through March 2006, Plaintiff worked on Defendant's behalf in excess of eight hours per day and averaging approximately 50 hours per week. Plaintiff received no overtime compensation from Defendant for these hours worked in excess of forty hours per week.

14. From January 2004 through March 2006, Defendant knowingly caused, suffered and permitted Plaintiff to regularly work in excess of forty hours per week without paying Plaintiff one-and-one-half, or double, Plaintiff's regular rate of pay. Defendant was fully aware of both the hours worked and duties assigned to Plaintiff. Defendant caused the Plaintiff to work such hours without additional compensation or else suffer the loss of her employment.

15. By not paying overtime wages in compliance with the state law, Defendant violated Plaintiff's rights under the law, specifically California Labor Code Section 1194.

16. As a direct and proximate result of Defendant's failure to pay proper wages under the California Wage Orders, Plaintiff incurred general damages in the form of lost wages in the amount presently believed to be by the Plaintiff to be approximately $20,200.

17. Defendant is aware of the existence and requirements of the California Labor

DAVIS COMPLAINT FOR DAMAGES            4.

Code Sections 510 and 1194 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiff the overtime compensation due to her at the time her employment ended.

18. Plaintiff was required to retain attorneys for the purpose of bringing this action and is entitled to an award of attorneys' fees and pre-judgment interest pursuant to California Labor Code Section 1194(a).

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT TWO

*Violation Of The Fair Labor Standards Act, 29 U.S.C. Section 201, et seq.*

19. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-18.

20. At all times relevant herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. Section 201, et seq. and the Plaintiff was an individual employee covered by virtue of her direct engagement in interstate commerce.

21. During the period from January 2004 through March 2006, Plaintiff worked on Defendant's behalf in excess of forty hours per week. Plaintiff received no additional compensation from Defendant for these hours worked in excess of forty hours per week. At all times Plaintiff performed "non-exempt" duties in excess of that allowed by the code of federal regulations which implements the Fair Labor Standards Act, at *29 CFR 541.112, 541.209* and *541.309*.

22. During the period from January 2004 through March 2006, Defendant knowingly caused, suffered and permitted Plaintiff to regularly work in excess of forty hours per week without paying Plaintiff one-and-one-half times Plaintiff's regular rate of pay. Defendant was fully aware of both the hours worked and the duties assigned to the Plaintiff. Defendant caused Plaintiff to work such hours without additional compensation or suffer the loss of her employment.

23. By not paying overtime wages in compliance with FLSA, Defendant violated Plaintiff's right under this Act.

24. As a direct and proximate result of Defendant's failure to pay proper wages

under the FLSA, Plaintiff incurred liquidated damages in the form of lost wages in the amount presently known to the Plaintiff to be in excess of $10,800.

25. Defendant intentionally, with reckless disregard for its responsibilities under the FLSA, and without good cause, failed to pay Plaintiff her proper pay and thus Defendant is liable to Plaintiff for liquidated damages in an amount equal to Plaintiff's lost wages pursuant to Title 29 U.S.C. Section 216(b) of the FLSA.

26. Plaintiff was required to retain attorneys for the bringing of this action and is entitled to an award of reasonable attorneys' fees pursuant to Title 29 U.S.C. Section 216(b) of the FLSA.

WHEREFORE, Plaintiff prays for Judgment as set forth below.

## COUNT THREE

*For Restitution of Unpaid Overtime Wages in Violation of California's Unfair Trade Practices Act. (B.P.C. 17203)*

27. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-26.

28. At all times relevant herein, Plaintiff's employment was subject to California Labor Code Section 1194 and applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, which required all employees to be paid overtime for work performed in excess of forty hours per week unless specifically exempted by the law.

29. At all times relevant herein, Defendant was Plaintiff's employer and was a person subject to the California Unfair Trade Practices Act (California Business and Professions Code Sections §17000 et seq.) and failed to pay the Plaintiff overtime pay as required by California Labor Code Section 1194 and applicable Wage Orders, which required all employees to be paid overtime wages for work performed in excess of forty hours per week unless specifically exempted by the law.

30. During the period of January 2004 through March 2006, the Plaintiff worked on Defendant's behalf in excess of forty hours per week and eight hours per day. Plaintiff received no

DAVIS COMPLAINT FOR DAMAGES                6.

compensation for overtime to which she was legally entitled from Defendant for these hours worked in excess of forty hours per week or eight hours a day, but instead was only paid Plaintiff's regular salay with Defendant keeping to itself the amount which should have been paid to the Plaintiff.

31. By not paying overtime wages in compliance with the state law, Defendant violated Section 17203 of the Unfair Trade Practices Act by committing acts prohibited by applicable Wage Orders and Labor Code Section 1194 and thus giving it a competitive advantage over other employers and businesses with whom it was in competition and who were in compliance with the law.

32. As a direct and proximate result of Defendant's violations and failure to pay the required overtime wages under Wage Orders, the Plaintiff's rights under the law were violated and the Plaintiff incurred general damages in the form of unpaid wages to which she was legally entitled in the amount presently believed to be in excess of $20,200.

33. Defendant is aware of the existence and requirements of the Unfair Trade Practices Act, applicable Labor Code Sections and the California Wage Order, but willfully, knowingly, and intentionally failed to pay Plaintiff the overtime compensation due.

34. Plaintiff, having been illegally deprived of the overtime wages to which she was legally entitled, herein seeks restitution of such wages pursuant to Section 17203 of the Business and Professions Code.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### COUNT FOUR

*(Penalty for Failure to Pay Overtime Wages Labor Code Sec. 558)*

35. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-34.

36. From January 2004 through March 2006, Defendant failed to pay the Plaintiff her overtime wages and she is therefore an "aggrieved employee" for the purposes of Labor Code Section 2699.

37. Pursuant to California Labor Code Section 558, the employer's failure to pay overtime wages shall cause the employer to be liable for a civil penalty of $50, to be paid to the Plaintiff for each pay period the employee was underpaid.

38. Defendant failed to pay Plaintiff her overtime wages for 127 (one hundred and twenty-seven) weekly pay periods for civil penalties due of approximately $6350.

## COUNT FIVE

*(Penalty for Failure to pay wages at termination California Labor Code Sec. 203)*

39. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-38.

40. At the time Plaintiff's employment was terminated by Defendant, Defendant owed Plaintiff in excess of $20,200 in unpaid overtime wages.

41. Failure to pay wages at an employee's termination as required by California Labor Code Section 201, subjects the employer to penalties provided for in Labor Code Section 203, up to 30 days of wages.

42. As of this date these wages have not been paid, thus making Defendant liable to Plaintiff for penalties for thirty (30) days wages of approximately $3920.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendants and demands as follows:

1. For compensatory damages for unpaid overtime in the amount according to proof of approximately $20,200;

2. For liquidated damages of double the unpaid overtime pursuant to Title 29 U.S.C. Section 216(b) of the FLSA believed to be in the amount of approximately $10,800;

3. For the restitution of her overtime wages pursuant to California Business and Professions Code Section 17203 believed to be in the amount of approximately $20,200;

4. For civil penalties pursuant to Labor Code Section 558 of $6350;

DAVIS COMPLAINT FOR DAMAGES            8.

5. For waiting time penalty damages of thirty days' wages, pursuant to California Labor Code Section 203, of approximately $3920;

6. For civil penalties pursuant to Labor Code Section 226.7;

7. For pre-judgment interest of 10% on the unpaid overtime compensation pursuant to California Labor Code Section 1194(a);

8. For reasonable attorneys' fees pursuant to California Labor Code Section 1194(a) and Title 29 U.S.C., Section 216(b) of the FLSA;

9. For costs of suit herein;

10. For such other and further relief as the Court may deem appropriate;

11. The total amount claimed in this complaint, exclusive of interest, costs and attorneys' fees, is $41,270.

Dated: January 29, 2008

MICHAEL M. HERRICK
Attorney at Law

By: _____
MICHAEL M. HERRICK
Attorney for Plaintiff
BRENDA DAVIS

DAVIS COMPLAINT FOR DAMAGES        9.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims alleged herein.

Dated: January 29, 2008

MICHAEL M. HERRICK
Attorney at Law

By: _____
MICHAEL M. HERRICK
Attorney for Plaintiff
BRENDA DAVIS

DAVIS COMPLAINT FOR DAMAGES          10.