MARGARET HART EDWARDS, Bar No. 65699
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940

Attorneys for Defendant
EASTFIELD MING QUONG, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA DAVIS,<br><br>         Plaintiff,<br><br>    v.<br><br>EASTFIELD MING QUONG, INC. and DOES One through Ten,<br><br>         Defendants. | Case No. C08-00769 RMW<br><br>**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant Eastfield Ming Quong, Inc. (hereinafter "Defendant"), by and through its undersigned counsel, answers Plaintiff's Complaint filed February 1, 2008. All allegations not specifically admitted in this Answer are denied. Defendant admits, denies and alleges as follows:

**NATURE OF CLAIM**

1.     In response to paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to brings this action under the Fair Labor Standards Act and California Wage Orders and Statutes. Defendant denies any liability to Plaintiff for overtime wages, liquidated damages, waiting time penalties, statutory penalties, attorneys' fees and costs, pre-judgment interest, compensatory damages, restitution, or any other form of relief.

2.     In response to paragraph 2 of the Complaint, Defendant alleges that fictitious defendants may not be sued in this court, and denies each and every other allegation of this paragraph.

3. In response to paragraph 3 of the Complaint, Defendant admits the allegations contained therein.

4. In response to paragraph 4 of the Complaint, Defendant admits the allegations contained therein.

**JURISDICTION**

5. In response to paragraph 5 of the Complaint, Defendant admits that Plaintiff purports to bring this action under the Fair Labor Standards Act and the supplemental jurisdiction of this court.

6. In response to paragraph 6 of the Complaint, Defendant admits that Plaintiff is a citizen of the State of California and that Defendant is a California nonprofit corporation doing business in the State of California. Defendant denies the remaining allegations of this paragraph.

**GENERAL ALLEGATIONS**

7. In response to paragraph 7 of the Complaint, Defendant alleges that it employed Plaintiff in the position of Family Specialist II from October 2001 through March 5, 2007. Defendant denies the remaining allegations of this paragraph.

8. In response to paragraph 8 of the Complaint, Defendant alleges that it employed Plaintiff as an at-will employee. Defendant denies the remaining allegations of this paragraph.

9. In response to paragraph 9 of the Complaint, Defendant denies the allegations of this paragraph.

10. In response to paragraph 10 of the Complaint, Defendant denies the allegations of this paragraph.

**COUNT ONE**

11. In response to paragraph 11 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1-10 of the Complaint as though set forth in full.

12. In response to paragraph 12 of the Complaint, Defendant denies the allegations of this paragraph.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL   2   C08-00769 RMW

13. In response to paragraph 13 of the Complaint, Defendant denies the allegations of this paragraph.

14. In response to paragraph 14 of the Complaint, Defendant denies the allegations of this paragraph.

15. In response to paragraph 15 of the Complaint, Defendant denies the allegations of this paragraph.

16. In response to paragraph 16 of the Complaint, Defendant denies the allegations of this paragraph, and denies that Plaintiff has been damaged in any sum whatsoever.

17. In response to paragraph 17 of the Complaint, Defendant denies the allegations of this paragraph.

18. In response to paragraph 18 of the Complaint, Defendant denies the allegations of this paragraph.

### **COUNT TWO**

19. In response to paragraph 19 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1-18 of the Complaint as though set forth in full.

20. In response to paragraph 20 of the Complaint, Defendant denies the allegations of this paragraph.

21. In response to paragraph 21 of the Complaint, Defendant denies the allegations of this paragraph.

22. In response to paragraph 22 of the Complaint, Defendant denies the allegations of this paragraph.

23. In response to paragraph 23 of the Complaint, Defendant denies the allegations of this paragraph.

24. In response to paragraph 24 of the Complaint, Defendant denies the allegations of this paragraph, and denies that Plaintiff is entitled to any form of damages in any sum whatsoever.

25. In response to paragraph 25 of the Complaint, Defendant denies the allegations of this paragraph.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**    3    **C08-00769 RMW**

26. In response to paragraph 26 of the Complaint, Defendant denies the allegations of this paragraph.

**COUNT THREE**

27. In response to paragraph 27 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1-26 of the Complaint as though set forth in full.

28. In response to paragraph 28 of the Complaint, Defendant denies the allegations of this paragraph.

29. In response to paragraph 29 of the Complaint, Defendant denies the allegations of this paragraph.

30. In response to paragraph 30 of the Complaint, Defendant denies the allegations of this paragraph.

31. In response to paragraph 31 of the Complaint, Defendant denies the allegations of this paragraph.

32. In response to paragraph 32 of the Complaint, Defendant denies the allegations of this paragraph, and denies that Plaintiff is entitled to damages or restitution in any sum whatsoever.

33. In response to paragraph 33 of the Complaint, Defendant denies the allegations of this paragraph.

34. In response to paragraph 34 of the Complaint, Defendant denies the allegations of this paragraph.

**COUNT FOUR**

35. In response to paragraph 35 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1-34 of the Complaint as though set forth in full.

36. In response to paragraph 36 of the Complaint, Defendant denies the allegations of this paragraph.

37. In response to paragraph 37 of the Complaint, Defendant denies the allegations of this paragraph, and denies that Plaintiff is entitled to recover penalties of any kind in any amount whatsoever.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL    4    C08-00769 RMW

38. In response to paragraph 38 of the Complaint, Defendant denies the allegations of this paragraph, and that Plaintiff is entitled to penalties of any kind in any amount whatsoever.

## COUNT FIVE

39. In response to paragraph 39 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1-38 of the Complaint as though set forth in full.

40. In response to paragraph 40 of the Complaint, Defendant denies the allegations of this paragraph and denies that Defendant owed any sum in any amount to Plaintiff.

41. In response to paragraph 41 of the Complaint, Defendant denies the allegations of this paragraph.

42. In response to paragraph 42 of the Complaint, Defendant denies the allegations of this paragraph, and denies that Plaintiff is entitled to penalties of any kind in any amount whatsoever.

## PRAYER FOR RELIEF

43. In response to Plaintiff's various prayers for relief, Defendant denies the Plaintiff is entitled to any type of relief in any sum.

## DEFENSES

44. Plaintiff's complaint and each count therein fails to state a claim upon which relief may be granted.

45. Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations, including but not limited to Section 6(a) of the Portal-to Portal Act, 29 U.S.C. section 255(a) respect to Counts Two and Three, California Business and Professions Code section 17208 with respect to Count Three, California Code of Civil Procedure sections 338 or 340 with respect to Counts One and Five, and California Code of Civil Procedure section 340 with respect to Count Four.

46. Plaintiff was not entitled to overtime compensation because she was an employee exempted by the overtime requirements pursuant to, but not limited to 29 U.S.C. section

1  213 et seq., the California Labor Code, and the provisions of the California Industrial Welfare
2  Commission's wage orders, including any combination exemptions.

3       47.    Plaintiff's claims are barred in whole or in part by the provisions of Section 10
4  of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's
5  compensation were done in good faith in conformity with and reliance upon written administrative
6  regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative
7  practices or enforcement policies of the Administrator of the Wage and Hour Division of the United
8  States Department of Labor.

9       48.    Defendant alleges that any violation of the Fair Labor Standards Act was an
10 act or omission made in good faith and Defendant had reasonable grounds for believing that the act
11 or omission was not a violation of the Fair Labor Standards Act so that, pursuant to Section 11 of the
12 Portal-to-Portal Act, 29 U.S.C. section 260, liquidated damages cannot be awarded.

13      49.    Defendant alleges that the amounts described in section 7(e) of the Fair Labor
14 Standards Act, 29 U.S.C. section 207(e), must be excluded from the regular rate on which any
15 overtime due is calculated under either federal or California law.

16      50.    Plaintiff's claims are barred in whole or in part to the extent that the work she
17 performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the
18 FLSA, 29 U.S.C. section 207.

19      51.    Plaintiff's claims are barred in whole or in part by the provisions of Section 4
20 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in
21 activities which were preliminary or postliminary to her principal activities.

22      52.    Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis*
23 *non curat lex*.

24      53.    Plaintiff's claims are barred in whole or in part by the doctrine of payment, as
25 Plaintiff has been properly compensated for purposes of the FLSA and the California Labor Code.

26      54.    Defendant at all times acted in good faith to comply with the FLSA and with
27 reasonable grounds to believe that its actions did not violate the statutes cited in the Complaint, and
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT AND DEMAND
FOR JURY TRIAL     6     C08-00769 RMW

Defendant asserts a lack of willfulness or intent to violate the FLSA or California law as a defense to any claim by Plaintiffs for liquidated damages or other penalties.

55. Defendant alleges that the Complaint fails to properly state a claim for penalties under California Labor Code section 203 because any failure to pay wages found to be due Plaintiff was not willful.

56. Defendant alleges that the Complaint fails to properly state a claim for penalties under California Labor Code section 203 because there is a bona fide, good faith dispute with respect to Defendant's obligation to pay any wages that may be found to be due.

57. Defendant alleges that Plaintiff's claims are barred by the doctrine of estoppel.

58. Defendant alleges that Plaintiff lacks standing to bring her claims as to all or a portion of the claims presented in the Complaint.

59. Defendant alleges that all or portions of Plaintiff's claims are barred by the doctrine of laches.

60. Defendant alleges that all or portions of Plaintiff's claims are barred by the doctrine of unclean hands.

61. Defendant alleges that all or portions of Plaintiff's claims are barred by the doctrine of avoidable consequences because Defendant took reasonable steps to prevent and correct improper wage payments, Plaintiff unreasonably failed to use the preventative and corrective opportunities provided to her by Defendant, and the reasonable use of Defendant's procedures would have prevented at least some, if not all, of the harm Plaintiff allegedly suffered.

62. Defendant alleges that Plaintiff is not entitled to equitable relief insofar as she has adequate remedies at law.

63. Defendant alleges that all or portions of Plaintiff's claims are barred by the doctrines of waiver or release.

64. Defendant alleges that Plaintiff consented to, encouraged, or voluntarily participated in all actions taken, if any.

//

//

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL    7    C08-00769 RMW

1  65. Defendant alleges that Plaintiff's claims for recovery pursuant to California
2  Business and Professions Code section 17200 *et seq.* are barred with respect to penalties of any
3  nature.

4  66. Defendant alleges that, to the extent Plaintiff seeks statutory or other
5  penalties, such claims must comport with the due process requirements of *State Farm v. Campbell*,
6  538 U.S. 408 (2003).

7  67. Defendant alleges that the Complaint and each cause of action therein, or
8  some of them, are barred because the applicable wage orders of the California Industrial Welfare
9  Commission or the provisions of the California Labor Code are unconstitutionally vague and
10 ambiguous and violate Defendant's rights under the United States and California Constitutions to,
11 among other things, due process of law.

12 68. Defendant alleges that Plaintiff's prayers for restitution, disgorgement, or
13 injunctive relief under California Business and Professions Code section 17200 *et seq.* are barred
14 with respect to any alleged violations that have discontinued, ceased, or are not likely to recur.

15 69. Defendant alleges that Plaintiff's claims are barred in whole or in part because
16 Plaintiff's alleges injuries were not proximately caused by any unlawful policy, custom, practice or
17 procedure promulgated or tolerated by Defendant.

18 70. Defendant alleges that the Complaint fails to properly state a claim for
19 prejudgment interest, as the damages claimed are not sufficiently certain to support an award of
20 prejudgment interest.

21 71. Defendant alleges that the Complaint fails to properly state a claim for
22 prejudgment interest, as the damages claimed are not sufficiently certain to support an award of
23 prejudgment interest.

24 72. Defendant alleges that further investigation and discovery will reveal that
25 Defendant is entitled to an offset against any relief due Plaintiff, based upon her wrongful conduct or
26 monies owed to Defendant.

27 73. Defendant alleges that any unlawful or other wrongful acts of any person(s)
28 employed by Defendant were outside of the scope of his or her authority and such acts, if any, were

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT AND DEMAND
FOR JURY TRIAL                8                C08-00769 RMW

1  not authorized, ratified, or condoned by Defendant, nor did Defendant know or have reason to be
2  aware of such alleged conduct.

3      74.    Defendant is entitled to a set-off with respect to Plaintiff for monies paid in
4  salary for any hours where Plaintiff was not working.

5      75.    Plaintiff has no private right of action for penalties under California Labor
6  Code section 558.

7      76.    Plaintiff has no standing to sue under California Labor Code section 2699, and
8  has not satisfied the requirements to bring a civil action under the Private Attorneys General Act of
9  2004 because she has not complied with the terms of California Labor Code section 2699.3.

10      77.    Defendant reserves the right to assert additional defenses or claims, which
11  may become known during the course of discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment from this Court as follows:

1. Plaintiff takes nothing by this action;

2. That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiff and in favor of Defendant on each of Plaintiff's claims for relief;

3. That Plaintiff be ordered to pay Defendant its reasonable costs and attorney's fees, including, but not limited to, costs and attorney's fees provided under 29 U.S.C. section 216 and Labor Code section 218.5; and

4. Such other and further relief as the Court deems appropriate and proper.

Dated: March 17, 2008                         Respectfully submitted,

                                            /s/ Margaret Hart Edwards
                                         MARGARET HART EDWARDS
                                         LITTLER MENDELSON
                                         A Professional Corporation
                                         Attorneys for Defendant
                                         EASTFIELD MING QUONG, INC.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL    9    C08-00769 RMW

**JURY TRIAL DEMAND**

Defendant Eastfield Ming Quong, Inc. hereby requests a jury trial on all issues triable by a jury.

Respectfully submitted,

　/s/ Margaret Hart Edwards
MARGARET HART EDWARDS
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
EASTFIELD MING QUONG, INC.

Firmwide:84570024.1 010782.1034

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL     10     C08-00769 RMW