MARGARET HART EDWARDS, Bar No. 65699
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, CA 94108-2693
(415) 433-1940
Fax: (415) 743-6641
Email: mhedwards@littler.com

Attorneys for Defendant
Eastfield Ming Quong, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRENDA DAVIS,<br><br>Plaintiff,<br><br>vs.<br><br>EASTFIELD MING QUONG, INC. and Does One through Ten,<br><br>Defendants. | Case No. C-08-769 RMW<br><br>**DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:     September 12, 2008<br>Time:     10:30 a.m.<br>Ct. Rm.:  6  (4th Flr. San Jose)<br>Judge:    Hon. Ronald M. Whyte |

Pursuant to Fed. R. Civ. Pro. 26(f) and Civil Local Rule 16-9, Defendant EASTFIELD MING QUONG, INC. (or "Defendant") submits this Case Management Conference Statement. Defendant attempted to meet and confer with counsel for Plaintiff, BRENDA DAVIS, but was unable to reach counsel. Defendant submits this Case Management Statement pursuant to the Court's March 1, 2007 Standing Order.

1.  **Jurisdiction and Service:**

This Court has jurisdiction over this case under 29 U.S.C. §216(b) and 28 U.S.C. §1331. All defendants have been served.

2. **Facts:**

Plaintiff, Brenda Davis was employed by the defendant, Eastfield Ming Quong, Inc. from October of 2001, through March of 2007, in Campbell, California as a Family Specialist II. Eastfield Ming Quong, known as EMQ Children and Family Services is a non-profit corporation that provides family-centered programs to help children recover from severe depression, thoughts of suicide, substance abuse, and tries to keep families together. Its headquarters is in Campbell, California, and it provides services in Santa Clara, Sacramento, Los Angeles, and San Bernardino Counties. Ms. Davis claims that during the period from January 2003 through March of 2006 she regularly worked in excess of forty hours per week, but was paid a salary regardless of the number of hours worked per week, and was consequently paid no overtime for additional time worked in excess of forty hours a week. Plaintiff contends that she was required to work on average about fifty hours a week. Plaintiff contends that during this period of employment she was not "exempt" from overtime pay.

Ms. Davis's job title was that of "Family Specialist II" and she contends that her work time was spent doing the non-exempt work of a caregiver and trainer. Plaintiff asserts that although some of her job duties may have been considered "non-exempt" in responsibility, she claims that most of her work time was spent doing "non-exempt" work. Consequently, Plaintiff alleges that she should have been paid overtime wages for the purposes of the state and federal wage and hour laws for all hours worked in excess of forty hours per week. She is claiming unpaid wages for the period of November of 2003 through March of 2006. EMQ contends that Ms. Davis was supposed to spend most of her time performing the exempt duties of her position, which included providing guidance, services and support at an advanced level to children and their families/caregivers in a variety of environments. She was supposed to work as an integral part of a team on the development and implementation of treatment plans and strategies for children and their families, and to help a family build its own support network and to avoid creating a dependent relationship between herself and the clients. Ms. Davis was not a caregiver, but was supposed to assist the family to develop more effective caregiving skills. To the extent that Ms. Davis was spending most of her time doing non-exempt work, Defendant contends that Ms. Davis was not meeting the reasonable expectations of her employer.

Plaintiff alleges in her complaint that she is legally entitled to overtime pay of approximately $20,200, excluding interest on the assumption that she worked approximately 1500 hours of overtime at a pay rate of at least $16. Defendant contends that Plaintiff's position did not require the performance of overtime work, and that its billing records (most of the work of Family Specialists is billed to the county on a per minute basis) demonstrate that Plaintiff seldom worked in excess of 40 hours per week, and that the maximum amount of overtime that could be due, were Plaintiff ruled to be non-exempt, is about $2,000.

Plaintiff also claims additional penalties under California Labor Code Sections 203 and 558. Also, she assert rights to penalties provided under the Federal Fair Labor Standards Act of "liquidated damages" equal to approximately $10,800. Defendant contends that no penalties are owed because, if Plaintiff were ruled to be non-exempt, there is no willful, intentional, or knowing violation of any law.

On February 2, 2008, Plaintiff filed this action alleging the following causes of action: (1) Violation of California Labor Code, Non-Payment of Overtime; (2) Violation of the Fair Labor Standards Act; (3) For restitution of her wages pursuant to California's Unfair Trade Practices Act, BPC Sec. 17200; (4) Civil Penalties failure to pay overtime pursuant to California Labor Code Section 558; and (5) Waiting Time Penalties pursuant to California Labor Code Section 203. The total amount sought in this action, including interest and penalties is $41,000.

Defendant has denied all of Plaintiff's alleged violations of statutes, and has denied that any money is owed to Plaintiff, and that she is entitled to any penalties, interest, or attorneys' fees. Defendant has asserted a number of affirmative defenses, including that Plaintiff was an exempt employee under the Fair Labor Standards Act and California law.

3.     **Legal Issues:**.

The primary legal issues in this case are:

A.     Whether Plaintiff's duties were exempt or non-exempt duties;

B.     Whether or not Plaintiff was an exempt employee under the Fair Labor Standards Act.

  C. Whether or not Plaintiff was an exempt employee under the applicable California Wage Order.

  D. Whether or not Defendant violated California Business & Professions Code §17200.

  E. Whether or not Defendant is liable to the Plaintiff for "Waiting Time Penalties" under California Labor Code Section 203.

  F. Whether or not Defendant is liable for civil penalties pursuant to California Labor Code Section 558.

**4.** **Motions:**

Defendant anticipates filing a motion for summary judgment following the deposition of the Plaintiff.

**5.** **Amendment of Pleadings:**

Defendant does not anticipate any amendment to the pleadings.

**6.** **Evidence Preservation:**

Defendant has taken steps to preserve relevant records, including emails, billing records, and hard-copy documents.

**7.** **Disclosures:**

The parties have completed their initial disclosures.

**8.** **Discovery:**

The parties agreed that discovery would commence with Plaintiff's deposition, that each side may take depositions, propound interrogatories, propound requests for admission, and request documents to the extent permitted by the Federal Rules of Civil Procedure. The parties have discussed the distinct possibility that they may not require discovery to that extent. Defendant has sent a Request for Production of Documents to Brenda Davis, and has noticed her deposition for September 17, 2008.

**9. Class Actions:**

This case is not a class action.

**10. Related Cases:**

There is no pending related case. Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission. This charge was recently dismissed with a finding that there was insufficient evidence to find that discrimination occurred.

**11. Relief:**

Plaintiff seeks $41,270, plus interest, costs and attorneys' fees. As noted above, $20,200 of this relief is for unpaid overtime.

**12. Settlement and ADR:**

The parties have agreed to mediation as a form of alternative dispute resolution. The court has appointed a mediator and there is a telephone conference set with the mediator on September 15, 2008.

**13. Consent to Magistrate Judge For All Purposes:**

The parties have not consented to a Magistrate Judge for all purposes in this case.

**14. Other References:**

No other reference is appropriate in this case.

**15. Narrowing of Issues:**

The issues in this case may be narrowed by a motion for partial or complete summary judgment.

**16. Expedited Schedule:**

The parties have discussed schedule and do not believe that an expedited schedule is practical in this case.

17. **Scheduling:**

Defendant suggests the following dates for scheduling:

| | | |
|---|---|---|
| A. | Addition of Parties: | June 30, 2008 |
| B. | Discovery cutoff: | December 31, 2008 |
| C. | Expert disclosure cutoff: | January 31, 2009 |
| D. | Dispositive motion hearing cutoff: | March 31, 2009 |
| E. | Pretrial conference | May 15, 2009 |
| F. | Trial | June 2009 |

18. **Trial:**

The parties anticipate that the jury trial in this matter will last approximately three to five days.

19. **Disclosure of Non-Party Interested Entities or Persons:**

The only entity on the defense side is Eastfield Ming Quong, Inc., a California non-profit corporation, which goes by the name of EMQ Children & Family Services. No other entity owns EMQ, but EMQ is in the process of merging with another non-profit corporation named FamiliesFirst. This merger may be concluded January 1, 2009.

//
//
//
//
//
//
//
//
//

20. **Other Matters:**

Plaintiff's counsel mentioned that he may withdraw from this case. Defendant is uncertain who represents Plaintiff Davis at this point.

Dated: September 9, 2008

LITTLER MENDELSON, P.C.

By: /s/ Margaret Hart Edwards
MARGARET HART EDWARDS
LITTLER MENDELSON, P.C.
Attorneys for Defendant
Eastfield Ming Quong, Inc.

Firmwide:86563153.1 010782.1034

Case No. C08-00769 RMW

DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT