1
2
3
4                                                    **E-FILED on** __1/28/2009__
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                              SAN JOSE DIVISION
11

**United States District Court**
**For the Northern District of California**

| | |
|---|---|
| 12 BRENDA DAVIS, | No. C-08-00769 RMW |
| 13          Plaintiff, | |
| 14    v. | ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE COSTS |
| 15 EASTFIELD MING QUONG, INC., | **Re Docket No. 37** |
| 16          Defendants. | |
| 17 | |

18
19       Plaintiff moves to strike costs of three messenger deliveries sought by defendant under 28

20 U.S.C. § 1919.  The court has reviewed the papers.  The parties have requested that this matter be

21 resolved without oral argument.  Docket No. 45; Civ. L.R. 7-1(b).  Because the court finds that the

22 messenger costs are unreasonable, the court grants the plaintiff's motion to strike costs.

                              **I.  BACKGROUND**
23
24       Ms. Davis commenced an action against Eastfield Ming Quong, Inc. ("EMQ") for

25 nonpayment of overtime wages in violation of the Fair Labor Standards Act and the California

26 Labor Code on February 1, 2008.  Comp. ¶ 1.  On October 15, 2008, Ms. Davis filed with this court

27 an amended complaint, which omitted the claim under the Fair Labor Standards Act, the only federal

28 law claim present in the original complaint, and retained only violations of California state law.

Am. Comp. ¶ 1.  Plaintiff then moved to dismiss the action without prejudice on October 16, 2008 to

1  enable her to join a related case against EMQ pending in state court.  Pl.'s Mot. to Dismiss 2:2.  This

2  court granted the motion and dismissed the case without prejudice.  Docket No. 34.

3  On December 11, 2008,  EMQ submitted to the court clerk a Bill of Costs seeking

4  reimbursement of three separate "messenger fee[s] [of $160] for delivery of chambers copy required

5  by Court after e-filing," totaling $480.  Attach. to Bill of Costs.  The Attachment to the Bill of Costs

6  indicate that the deliveries occurred on September 10, 2008, October 14, 2008, and November 12,

7  2008.  Plaintiff subsequently filed a motion to strike costs.

## II.  ANALYSIS

### A.    Defendant's Messenger Costs Are Not "Just Costs" Under 28 U.S.C. § 1919

10  Both parties agree that costs in this instance are governed by 28 U.S.C. § 1919 rather than

11  Rule 54 and 28 U.S.C. § 1920, as the underlying case was dismissed for lack of jurisdiction.  Under

12  28 U.S.C. § 1919, a district court may order the payment of "just costs" in actions dismissed for

13  want of jurisdiction.  The term "may" gives district courts discretion to award costs on dismissal for

14  lack of jurisdiction, and costs awarded under section 1919 are not subject to a presumption that they

15  shall be awarded to a prevailing party.  *See Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336,

16  1340, fn. 8 (10th Cir. 1998).

17  "Just costs" under section 1919 are not the same as costs awarded under 28 U.S.C. § 1920.

18  Nevertheless, courts have found that standards applied under § 1920 are useful in interpreting

19  section 1919's "just costs."  *Callicrate*, 139 F.3d at 1339 ("[I]n the instant case we are dealing with

20  what are 'just costs' under 28 U.S.C. §1919, and not with costs allowed under § 1920 or Fed.R.Civ.P.

21  54(d).  Nevertheless the standards applied under § 1920 are helpful, we feel.");  *Ericsson v.*

22  *Motorola*, 179 F.R.D. 328, 330 (N.D. Ala. 1998) ("[section] 1920 and Rule 54(d)(1) may provide

23  some help in determining under § 1919 what costs are 'just'").

24  Costs allowable under section 1920 are enumerated in the statute and do not include

25  messenger fees.  28 U.S.C. § 1920.  Further, courts have refused to allow under section 1920 costs

26  such as "administrative fees, like delivery costs," *Johnson v. Holway*, 522 F. Supp. 2d 12, 19

27  (D.D.C. 2007) and "overhead of attorney's law firm such as postage, photocopy charges, express

28  mail." *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1303

**United States District Court**
For the Northern District of California

1 (M.D. Fla. 2005). Using this analysis to interpret "just costs" under section 1919, it appears that

2 messenger fees should be excluded as they are administrative fees.

3       Further, a district court may exercise its discretion and consider necessity and reasonableness

4 of costs when determining whether they are allowable under section 1920. *United States v. Kolesar*,

5 313 F.2d 835, 840 (5th Cir. 1963); *Hempstead v. Georgia-Pacific Corp.*, 124 F.R.D. 202, 204

6 (W.D. Ark. 1989). The same inquiry should be employed when considering whether costs are "just"

7 as required by section 1919.

8       Here, EMQ's counsel used messenger services to deliver from, presumably, its San Francisco

9 office[1] to this court in San Jose chamber copies of the following: a Case Management Conference

10 Statement, a Stipulation to Continue Mediation and Case Management Conference, and a Stipulation

11 to Continue Mediation Deadline. EMQ points to Civil Local Rule 5-1(b) as requiring these to be

12 delivered via messenger. Civil Local Rule 5-1, however, applies only to filing of original papers and

13 its subsection (b) refers to extra chamber copies of *original* filings and not electronic filings. Civil

14 Local Rule 5-4 applies to electronic case filings, and thus controls. Civil Local Rule 5-4's

15 commentary points to General Order No. 45, which states, "In all cases subject to [electronic case

16 filings], in addition to filing papers electronically, the parties are required to lodge for chambers no

17 later than noon on the business day following the day that the papers are filed electronically, one

18 paper copy of each document that is filed electronically."

19       Although EMQ was required to provide for chambers a copy of the electronic filings by noon

20 the following business day, it could have accomplished this by more cost-efficient means. For

21 example, it could have used expedited U.S. Mail or Federal Express. Spending $160 per delivery

22 via messenger when substantially less expensive delivery means were available was neither

23 reasonable nor just. Moreover, a comparison of the docket and the messenger service's invoices

24 reveals that two of the three deliveries did not comply with General Order No. 45's requirement of

25 delivery by noon the business day following the e-filing; one e-filed October 10 was not delivered

26 until October 14 and the other e-filed November 10 was not delivered until November 12.

27 Accordingly, these costs are not "just" under § 1919.

28

---

[1] Counsel has a San Jose branch office located about two blocks from the courthouse.

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE COSTS—No. C-08-00769 RMW
AEA                               3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

## III.  ORDER

For the foregoing reasons, the court grants the plaintiff's motion to strike costs.

DATED:      1/27/2009

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE COSTS—No. C-08-00769 RMW
AEA                                                        4

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Plaintiff:**

3  James Mitchel Sitkin        jsitkin@daceysitkinlaw.com
   John J. Dacey               jdacey@daceysitkinlaw.com
4

5  **Counsel for Defendants:**

6  Margaret Hart Edwards       MHEdwards@littler.com

7
8  Counsel are responsible for distributing copies of this document to co-counsel that have not
   registered for e-filing under the court's CM/ECF program.

9

10

11 **Dated:**    1/28/2009                              TSF
                                              **Chambers of Judge Whyte**
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE COSTS—No. C-08-00769 RMW
AEA                                    5